

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. HILL, JR., ) | |
| ) | |
| Petitioner, ) | No. C 08-1083 CRB (PR) |
| ) | |
| v. ) | ORDER |
| ) | |
| D. K. SISTO, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

16
17      Petitioner Ronald W. Hill, Jr., a state prisoner incarcerated at California
18  State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254
19  challenging a 2006 judgment of conviction and sentence from San Mateo County
20  Superior Court.  Petitioner raises three claims for relief, but none were properly
21  exhausted in state court and one is clearly without merit.
22
23                                                     I.
24      On December 7, 2004, pursuant to a plea agreement, petitioner pled no
25  contest in Alameda County Superior Court to one count of second degree
26  robbery, enhanced for personal use of a firearm.  He also admitted that he had
27  suffered a prior "strike" conviction and a prior serious felony conviction.  On
28  February 9, 2005, petitioner was sentenced to nineteen years in state prison.

Petitioner appealed and appellate counsel filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), stating that there were no arguable issues in the record. Petitioner subsequently requested a dismissal of the appeal, which was granted on July 13, 2005.

On August 10, 2007, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. It was denied on November 28, 2007.

On June 29, 2006, pursuant to another plea agreement, petitioner pled no contest in San Mateo County Superior Court to four counts of second degree robbery, each enhanced for personal use of a fire arm, and admitted that he had suffered a prior "strike" conviction and a prior serious felony conviction. Pursuant to the plea agreement, the Alameda County sentence was vacated and petitioner was sentenced for both the Alameda and San Mateo judgments together – ten years and four months for the Alameda County judgment and nineteen years and four months for the San Mateo County judgment for a total of twenty-nine years and eight months.

Petitioner appealed and his appellate counsel again filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), stating that there were no arguable issues on record. On January 31, 2007, the California Court of Appeal affirmed the judgment of the trial court. Petitioner did not seek further direct review.

On June 26, 20007, petitioner filed a petition for writ of habeas corpus in the Supreme Court of California. It was denied on November 28, 2007.

II.

Petitioner raises three claims for relief – ineffective assistance of counsel, breach of plea agreement and mental impairment. Respondent argues that none of the claims were exhausted in the state courts and that they all lack merit.

A prisoner seeking federal habeas relief must first exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. 28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). Petitioner did not do so as to any of his three claims.

Petitioner's breach of plea agreement and mental impairment claims are unexhausted because petitioner did not include them in his petition for a writ of habeas corpus to the Supreme Court of California challenging the San Mateo County judgment. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary). Petitioner did include a claim of ineffective assistance of counsel, but because he did not allege any facts in support of the claim, the state high court denied the petition with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal. 2d 300, 304 (1949).[1]

In re Swain and People v. Duvall are cited by the Supreme Court of California to indicate that claims were not alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed state petition and state judicial remedies therefore are not considered exhausted. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). But a citation to In re Swain and/or People v. Duvall does not establish per se that petitioner did not exhaust. See id. If the claim was alleged as specifically as possible, then it must be considered exhausted. See id. at 1319-20. It was not. Petitioner must file a new state habeas petition in the Supreme Court of California in order to exhaust.

---

[1]Petitioner's petition for a writ of habeas corpus to the Supreme Court of California challenging the Alameda County judgment similarly was denied with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Clark, 5 Cal. 4th 750 (1993).

3

Respondent argues that petitioner's three claims should be denied, even if unexhausted, because they are without merit. Although this court may deny a claim on the merits even if it is unexhausted, 28 U.S.C. § 2254(b)(2), it should refrain from doing so unless the claim is clearly without merit, Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

Petitioner's breach of plea agreement claim will be denied on the merits because it is clearly without merit. Petitioner claims a "breach of contract in regards to my plea bargain agreement" because the plea bargain agreement "included a lesser sentence that was granted to me & the (2) separate superior courts manipulated me to receive additional time!" Pet. at 6. The record makes clear that neither the Alameda County plea agreement nor the San Mateo County plea agreement was violated. Petitioner agreed in San Mateo County Superior Court to the vacation and restructuring of his Alameda County sentence in conjunction with his San Mateo County sentence. See Resp't Exs. A at 79-81, 89-90; B at 4-5, 13-16. Pursuant to the plea agreement, petitioner's Alameda County sentence was reduced from nineteen years to ten years and four months and he received a total sentence of twenty-nine years and eight months for the two cases, far less than the maximum forty-six years and fourth months he could have received without the plea agreement. See id. Ex. A at 90; E at 2. Petitioner received all the benefits of the plea bargain. His breach of plea agreement claim is frivolous and clearly without merit.

The same cannot be said as to petitioner's other two claims, however. Petitioner's allegations that counsel advised him poorly and that petitioner was mentally impaired and unable to understand the trial court proceedings cannot be dismissed at this stage of these federal habeas proceedings as clearly without merit. See Cassett, 406 F.3d at 623-24.

III.

For the foregoing reasons, petitioner's breach of plea agreement claim is DISMISSED WITH PREJUDICE for lack of merit. The remaining two claims, ineffective assistance of counsel and mental impairment, are DISMISSED WITHOUT PREJUDICE for failure to exhaust state judicial remedies and petitioner will be afforded an opportunity to return to state court to exhaust.

The clerk is instructed to ADMINISTRATIVELY CLOSE the case. Nothing further will take place in this matter until petitioner exhausts his remaining claims, and, within 30 days thereafter, moves to reopen the case.

SO ORDERED.

Dated: AUG 0 3 2009

CHARLES R. BREYER
United States District Judge

C:\Documents and Settings\USDC\Desktop\revised hill.wpd

5